IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
AT ADMIRALTY

In the Matter of the Complaint of )    CIVIL ACTION NO. 2:25-cv-12383-RMG
Karl and Luca Gruber, as Owners )
of a 1988 15' Boston Whaler )
Vessel (HIN # BWC3015HE888) )
For Exoneration from or Limitation )
of Liability )
_____ )

VERIFIED COMPLAINT (PETITION) FOR EXONERATION
FROM OR LIMITATION OF LIABILITY

Plaintiff, Karl and Luca Gruber, by their attorneys, petition for exoneration from or

limitation of liability, pursuant to 46 U.S.C. §30501-30512, and in support thereof allege upon

information and belief as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

   Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty

   and Maritime Claims, particularly Rule F.

2.    At all times hereinafter mentioned, Karl Gruber, a citizen of the United States Virgin

   Islands, was the owner of a 1988 15' Boston Whaler vessel (HIN #

   BWC3015HE888), her engines, machinery, etc. (the "Vessel").

3.    At all times hereinafter mentioned, Luca Gruber, a citizen of the State of South

   Carolina, a student resident of the State of Idaho and the son of Karl Gruber, was the

   owner *pro hac vice* of the Vessel.

4.    Karl and Luca Gruber are parties entitled to petition for exoneration from or

   limitation of liability within the meaning of the Revised Statutes of the United States.

WBD (US) 4938-6561-8279v1

5.      The Vessel is presently located within the jurisdiction of this Court.

6.      During their ownership and ownership *pro hac vice* of the Vessel, the Plaintiffs used due diligence to make the Vessel seaworthy and fit for the service in which said vessel was engaged by, including, but not limited to, making regular inspection of, and routine maintenance of, her systems and components; and replacing equipment as needed.

7.      Luca Gruber has been operating boats in the Charleston area since his early childhood; has received training from his father, coaches, instructors and other experienced mariners; has participated in and completed the South Carolina Department of Natural Resources Boater Education Program; and holds a South Carolina Boating Safety Certificate.

8.      For the past several years, Luca Gruber has had the primary custody and control of the Vessel and, in consultation with and with the financial support of Karl Gruber, has been primarily responsible for the storage, operation and maintenance of the Vessel.

9.      On July 3, 2025, Luca Gruber was operating the Vessel on the navigable waters of the United States—more particularly the Wallace River and Tea Farm Creek, South Carolina.

10.     At all times relevant hereto, Luca Gruber was accompanied by his friend, Tallon Goff.

11.     As they were approaching the Highway 17 Bridge over Tea Farm Creek, Tallon Goff was seated on a bench seat near midships of the Vessel next to and to the port side of Luca Gruber who was seated behind the helm.

12.    In the immediate vicinity of this bridge, Tallon Goff changed his position without notice to Luca Gruber so that he was aft.

13.    While in this position, Tallon Goff was struck in the back of his head which resulted in his loss of consciousness.

14.    As Tallon Goff was unresponsive, Luca Gruber immediately returned to his dock where he was able to call 911 for emergency assistance.

15.    While waiting for the arrival of the first responders, Luca Gruber, with the assistance of the 911 operator and two friends, administered CPR to Tallon Goff without success.

16.    After the arrival of the first responders, Tallon Goff was confirmed to be deceased at the scene.

17.    As a result of the aforesaid incident, it is anticipated that claims will be made against the Plaintiffs alleging losses and damages.  At present, the Plaintiffs are aware of the following potential claimants and is informed and believes that they claim the damages indicated:

    a.    Estate of Tallon Goff                    TBD

    b.    Robert Goff (decedent's father)          TBD

    c.    Catherine Goff (mother)                  TBD

The Plaintiffs are informed and believes that these claims exceed the value of the Vessel following the incident.

18.    Any alleged losses or damages arising from the aforesaid incident were not caused by or attributable to any fault, neglect or want of care of the Plaintiffs or anyone for whom Plaintiffs may be responsible.

19. The foregoing incident and the alleged injuries resulting therefrom were done, occasioned and occurred without fault on the part of the Plaintiffs, and without Plaintiffs' privity or knowledge.

20. Upon present information and belief, the value of the Vessel following the incident does not exceed $12,000.

21. There was no freight pending which was due and payable to Plaintiffs at the time of the incident.

22. First notice of a claim was received by Plaintiffs on or about August 15, 2025.

23. There are no liens against the Vessel, nor any claims or demands paramount to those which may arise by reason of this incident.

24. Plaintiffs deny any liability herein for any act, matter or thing, damage or injury done, occasioned or incurred in said incident, and claims the benefit of the limitation of liability provided in the Revised Statutes of the United States and the various statutes amendatory thereto and, more particularly, the United States Limitation of Shipowners Liability Act, 46 U.S.C. §§ 30501-30512.

25. Plaintiffs are, in accordance with Rule F(1), filing a Stipulation of Value with sufficient surety for the value of Plaintiff's interest in said vessel as required at the conclusion of the aforesaid incident, with interest thereon, in the form of a Letter of Undertaking from GEICO Marine Insurance Company.

26. All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

WHEREFORE, Plaintiffs pray:

1.      That if deemed necessary by the Court or at the reasonable request of any claimant the Court cause due appraisement to be made of the amount of the value of Plaintiffs' interest in the Vessel.

2.      That the Court order Plaintiffs to file an *ad interim* stipulation with surety pending the appraisal of its interests in said Vessel.

3.      That the Court make an Order directing the issuance of a monition to all persons claiming damages for any and all losses, damage, injury or destruction done, occasioned or incurred by, or resulting from said incident hereinbefore described, citing them to appear before this Honorable Court and make due proof of their respective claims, and also to appear and answer the allegations of this Petition according to the laws of this Court on or before a certain time to be fixed by the monition, or be thereafter barred from making any such claims against the Plaintiffs, their agents, representatives or any person on whose behalf Plaintiffs may be liable or against the aforesaid vessel.

4.      That the Court make an Order directing that upon the giving of an *ad interim* stipulation, an injunction shall issue restraining the prosecution of all suits, actions and proceedings already begun to recover for damages sustained as a result of the aforesaid incident and further enjoins the commencement or prosecution thereafter of any suit, action or legal proceeding of any nature against the Plaintiffs, their agents, representatives or any other person whatsoever in respect to any claim or claims arising out of the aforesaid incident.

5.      That the Court in this proceeding will adjudge:

      (a)     The Plaintiffs are not liable to any extent for any loss, damage or injury for any claim whatsoever in any way arising out of or in consequence of the aforesaid the incident above described, or

      (b)     If Plaintiffs shall be adjudged liable, then such liability shall be limited to the amount of the value of Plaintiffs' interest in the Vessel following the incident described in the Complaint and that Plaintiffs be discharged therefrom upon the surrender of its interests in said Vessel and that the money paid or security to be paid as aforesaid be divided pro rata among any claimants as may duly prove their claims, saving to all any priorities to which they may be legally entitled, and that a Decree may be entered discharging plaintiff from all further liability.

     6.     That the Plaintiffs may have such other and further relief as the disposition of this cause may require.

 

                    WOMBLE BOND DICKINSON (US), LLP

                    By: S/David M. Collins
                       David M. Collins, Fed. ID No. 223
                       5 Exchange Street
                       P.O. Box 999
                       Charleston, SC  29401
                       Phone:  (843) 722-3400
Dated: September 9, 2025          Fax:  (843) 723-7398
                       Email:  David.collins@wbd-us.com
Charleston, SC

                    Attorneys for Plaintiffs/Petitioners