IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
AT ADMIRALTY

| | |
|---|---|
| In the Matter of the Complaint of        ) <br> Karl and Luca Gruber, as Owners       ) <br> of a 1988 15' Boston Whaler               ) <br> Vessel (HIN # BWC3015HE888)       ) <br> For Exoneration from or Limitation   ) <br> of Liability                                         ) <br> _____) | CIVIL ACTION NO. 2:25-cv-12383-RMG |

MOTION FOR ORDER APPROVING STIPULATION FOR VALUE AND FOR COSTS,
DIRECTING ISSUANCE OF NOTICE AND RESTRAINING SUITS

Plaintiffs/Petitioners, Karl and Luca Gruber, by their attorneys, as Owner and Owner *pro hac vice* of a 1988 15' Boston Whaler Vessel (HIN # BWC3015HE888) (the "Vessel"), have filed a Complaint for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. §§ 30501-30512 and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, for any loss of life, bodily injury, property damage and/or other loss or destruction arising out of the operation of the Vessel in the vicinity of the Wallace River and Tea Farm Creek, South Carolina on or about July 3, 2025, as is more fully described in Plaintiffs/Petitioners' Complaint for Exoneration from and Limitation of Liability.

Plaintiffs/Petitioners have stated that the Vessel has a value of no more than $12,000.00, and that being, as a consequence, their interest in said vessel. Accordingly, the amount of the limitation fund to be established for the benefit of claimants is Twelve Thousand Dollars ($12,000.00).

Plaintiffs/Petitioners have deposited with the Court, as security for the benefit of the claimants, a Letter of Undertaking on September 9, 2024, in the amount of Twelve Thousand

Dollars ($12,000.00), and for costs, plus interest at the rate of six percent (6%) per annum, executed by Kelly Parks on behalf of GEICO Marine Insurance Company.

Based on the foregoing, the Plaintiffs/Petitioners have complied with the requirements of Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.  Therefore, pursuant to Rule F(4) of said Supplemental Rules, the Plaintiffs/Petitioner, through undersigned counsel, requests that an Order be issued in the following particulars:

1. that the above-described Letter of Undertaking be approved;

2. that the Court, upon motion, shall cause due appraisement of the value of Vessel after the incident, and/or the appropriate amount of the limitation fund, and may thereupon order the said security increased or reduced if it finds the amount thereof insufficient or excessive;

3. that a Notice shall be issued by the Clerk of this Court on the form filed herein (Ex. A) to all persons asserting claims with respect to which the Complaint seeks exoneration or limitation admonishing them to file their respective claims with the Clerk of this Court in writing and to serve on the attorneys for Plaintiff a copy thereof on or before the 31st day of October, 2025, or be barred from bringing such claims, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, he shall file and serve on attorneys for Plaintiffs/Petitioner an Answer to the Complaint on or before said date, unless his claim has included an Answer to the Complaint, so designated, or be barred from bringing such action;

4. that the aforesaid Notice shall be published in the Charleston Post & Courier once a week for four (4) successive weeks prior to the date fixed by the Court for the filing of claims as provided by the aforementioned Rule F;

WBD (US) 4928-7805-6295v1

5. that copies of the Notice shall also be mailed in accordance with Rule F;

6. that the further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution hereafter of any and all suits, actions or proceedings, of any nature or description whatsoever, in any jurisdiction, and the taking of any steps and the making of any motion in such actions, suits or proceedings against Plaintiffs/Petitioners, as aforesaid, the Vessel, or any property of Plaintiffs/Petitioner and their underwriters, excepting this action, to recover damages for in respect of any loss of life, bodily injury, property damage and/or other loss or destruction caused by or resulting from the aforementioned operation of the Vessel in the vicinity of the Wallace River and Tea Farm Creek, South Carolina on or about July 3, 2025 , as alleged in the Complaint, be and they hereby are restrained, stayed and enjoined until the hearing and determination of this action; and

7. that service of this Order as a restraining order may be made through the post office by mailing a conformed copy thereof to the persons restrained, or to their respective attorneys or, alternatively, by hand.

WOMBLE BOND DICKINSON (US), LLP

By: S/David M. Collins
    David M. Collins, Fed. ID No. 223
    5 Exchange Street
    P.O. Box 999
    Charleston, SC  29401
    Phone:  (843) 722-3400
Dated: September 9, 2025    Fax:  (843) 723-7398
    Email:  David.collins@wbd-us.com
Charleston, SC

Attorneys for Plaintiffs/Petitioners

WBD (US) 4928-7805-6295v1