UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| IN THE MATTER OF the Complaint of Karl And Luca Gruber, as Owners of a 1988 15' Boston Whaler Vessel (HIN BWC3015HE888) ) ) ) ) For Exoneration from or Limitation of Liability ) ) | CIVIL ACTION NO: 2:25-cv-12383-RMG |

### ANSWER AND CLAIM OF ROBERT GOFF, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF TALLON GOFF

COMES NOW Robert Goff, as Personal Representative of the Estate of Tallon Goff ("Claimant") in the above-captioned matter, and submit the following Answer and Claim in response to Karl and Luca Gruber's ("Petitioners") Verified Complaint (Petition) for Exoneration from and/or Limitation of Liability ("Complaint") [Entry Number 1] and responds as follows:

### CLAIMANT'S ANSWER TO COMPLAINT

### FOR A FIRST DEFENSE
(ANSWERING THE ALLEGATIONS OF THE COMPLAINT)

1. Each and every allegation of the Complaint not hereafter specifically admitted is denied.

2. Claimant admits the allegations of Paragraph 1 of the Complaint.

3. Claimant is without sufficient knowledge to admit or deny the allegations of Paragraph 2 and therefore denies the same.

4. Claimant admits so much of Paragraph 3 of the Complaint as alleges that Luca Gruber is the son of Karl Gruber. Claimant is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 3 of the Complaint and therefore the same are denied.

5. Claimant denies, upon information and belief, the allegations of Paragraph 4 of the Complaint.

1

6. Claimant admits the allegations of Paragraph 5, upon information and belief.

7. Claimant denies the allegations of Paragraph 6, upon information and belief.

8. Claimant is without sufficient information to admit or deny the allegations of Paragraphs 7 and 8 and therefore the same are denied.

9. Claimant admits the allegations of Paragraphs 9 and 10.

10. Claimant is without sufficient information to admit or deny the allegations of Paragraphs 11, 12, 13, 14, and 15 of the Complaint and therefore the same are denied.

11. Claimant admits the allegations of Paragraph 16 and 17.

12. Claimant denies the allegations of Paragraphs 18 and 19.

13. Claimant admits the allegations of Paragraphs 20, 21, and 22 upon information and belief.

14. Claimant is without sufficient information to admit or deny the allegations of Paragraph 23 of the Complaint and therefore the same are denied.

15. Claimant denies the allegations of Paragraph 24 of the Complaint.

16. Claimant admits the allegations of Paragraph 25, upon information and belief.

17. Claimant admits so much of Paragraph 26 as alleges that this case is within the admiralty and maritime jurisdiction of this Honorable Court. Claimant denies that all allegations in the Complaint are true.

18. To the extent that any of the assertions within Petitioners' PRAYER are factual allegations to which a response is required, those allegations are denied.

## AS AFFIRMATIVE DEFENSES

Claimant incorporates its foregoing responses, as well as all facts, allegations, and defenses set forth above. Although Claimant has not yet had the opportunity to conduct discovery regarding Petitioner's claims, Claimant is informed and believes that there are or may be facts establishing

the availability of certain defenses. In order to preserve those defenses, Claimant alleges the following:

19. Upon information and belief, Petitioners had privity and knowledge of the faults, causes, acts, and/or omissions that caused or contributed to Claimant's injuries and damages, and Petitioners are not entitled to exoneration from or limitation of liability.

20. Upon information and belief, Claimant's injuries and damages resulted from Petitioner Karl Gruber's privity and knowledge related to his failure to reasonably inspect the Vessel and its appurtenances to evaluate its continued suitability for its intended use and regarding the unseaworthy condition of the vessel and its equipment prior to the voyage in question.

21. Upon information and belief, Claimant's injuries and damages resulted from Petitioner Karl Gruber's negligence in entrusting the Vessel to Luca Gruber, who he knew or should have known may operate the Vessel in a negligent, grossly negligent, or reckless manner, and having or being charged with such knowledge, failed to take appropriate action to prevent harm to Tallon Goff, or from other faults, causes, acts, and/or omissions within the privity and knowledge of Petitioner Karl Gruber and/or his agents, and/or such other similar parties whose privity and knowledge are imputed to Petitioner Karl Gruber, and therefore the Complaint for Exoneration from or Limitation of Liability should be denied.

22. Petitioner Luca Gruber failed to take reasonable precautions to avoid an allision with the U.S. Highway 17 Bridge at Tea Farm Creek when, by the exercise of due care, an allision should have been apparent and was preventable.

23. Claimant's injuries and damages were a direct and proximate result of Petitioner Luca Gruber's negligence, negligence *per se*, gross negligence, and recklessness in the operation of the Vessel, or from other faults, causes, acts, and/or omissions within the privity and

knowledge of Petitioner Luca Gruber, and therefore the Complaint for Exoneration from or Limitation of Liability should be denied.

24. Claimant would further show that Petitioners have failed to state a claim for which limitation can be granted and therefore the Complaint should be dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.P.

25. Claimant would show that the purposes of the Limitation Act are not furthered by its enforcement under the circumstances surrounding the subject voyage because the incident occurred in close proximity to the Vessel's home port and within the Petitioners' ability to oversee the operations and as a result the Petitioner's Complaint should be dismissed.

26. Claimant hereby expressly incorporates by reference any additional defenses raised by any other Claimant that may appear in this action and file an Answer to Petitioners' Complaint herein and reserves the right to assert any and all additional defenses as may be revealed by further investigation and discovery.

**FOR A SECOND DEFENSE, AND AS A CLAIM AGAINST PETITIONERS**
(CLAIMS OF ROBERT GOFF, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF TALLON GOFF, AGAINST PETITIONERS)

COMES NOW Claimant, and pursuant to Supplemental Admiralty Rule F(5), makes the following Claim against Petitioners and would show this Honorable Court as follows:

27. Claimant incorporates by express reference the above responses and allegations as if set forth herein verbatim.

28. This is a maritime injury and death claim arising out of the preventable, tragic death of 22-year-old Tallon Goff ("Tallon") on July 3, 2025 while a passenger aboard a 1988 15' Boston Whaler (the "Vessel") owned by Petitioner Karl Gruber and operated at almost 30

miles per hour by Petitioner Luca Gruber under the Highway 17 bridge over Tea Farm Creek (the "Bridge") in the navigable waters of Charleston County, South Carolina at a time and tide when the Bridge structure was less than 4 feet above the waterline (the "Incident").

29. At all times material hereto, decedent Tallon Goff was a passenger lawfully aboard the Vessel, which was being operated upon the navigable waters of the United States and within the territorial waters of the State of South Carolina.

30. Claimant's claims for injury, wrongful death, and survival arise out of Petitioner Karl Gruber's negligence and negligent entrustment of the Vessel to Luca Gruber, and out of Petitioner Luca Gruber's negligence, gross negligence, and recklessness with regard to the operation of the Vessel at the time of the Incident, resulting in Tallon's death.

31. This action arises out of and is governed by the General Maritime Law of the United States, as supplemented by the laws of the State of South Carolina.

32. This Honorable Court has original jurisdiction over this claim pursuant to 28 U.S.C. § 1333, and venue is proper in the Charleston Division.

33. Claimant Robert Goff is Tallon Goff's father and is a citizen and resident of Florence County, South Carolina and was duly appointed as Personal Representative of the Estate of Tallon Goff by the Probate Court of Florence County, South Carolina.

34. Prior to his death, Tallon Goff was a citizen and resident of Florence County, South Carolina.

35. Upon information and belief, Petitioner Karl Gruber is domiciled in the United States Virgin Islands, and, at all times material, was/is the titled owner of the Vessel.

36. Upon information and belief, Petitioner Luca Gruber is domiciled in the State of South Carolina.

## FACTS PERTINENT TO ALL CAUSES OF ACTION

37. Claimant incorporates by express reference the above responses and allegations as if set forth herein verbatim.

38. Upon information and belief, at all times material, Petitioner Karl Gruber was the owner of the Vessel, which was a 1988 15'3" Boston Whaler Striper powered by a 2015 Yamaha F70 outboard motor.

39. Upon information and belief, Karl Gruber entrusted the Vessel to his son, Petitioner Luca Gruber, for his use in the waters surrounding Charleston, South Carolina during the summer of 2025.

40. The Vessel was being kept for most of the summer of 2025 on the dock at Karl Gruber's property, Twin Oaks Farm, on Tea Farm Creek near Ravenel, South Carolina.

41. Upon information and belief, on or about July 3, 2025, Petitioner Luca Gruber invited several friends, including Tallon Goff, to Twin Oaks Farm over the Fourth of July holiday weekend.

42. Earlier on July 3, Luca Gruber, Tallon Goff, and several other friends went fishing on a friend's boat for several hours. Upon information and belief, Luca Gruber was drinking alcohol during the fishing trip and drank several beers in the hours immediately preceding the subject incident.

43. After they returned from the fishing trip, Luca invited Tallon to go on another boat ride on the Vessel.

44. Upon information and belief, the Vessel was equipped with various items of navigation and safety equipment, including a Garmin chart plotter, however, the plotter was broken and, while aboard the Vessel on the voyage in question, was non-functioning.

45. Upon information and belief, the Vessel departed the dock with Luca Gruber at the helm and without a sufficient number and without the proper type of personal flotation devices aboard, without a fire extinguisher, and without other safety equipment required to legally operate the Vessel for the subject voyage.

46. After departing from the dock at Twin Oaks Farm, despite not having a third person aboard to act as an observer as required by law, they went water-skiing until the ski rope broke.

47. Afterwards, Luca decided to take Tallon on a ride in the Vessel and he operated the Vessel up Wallace Cut and then back through Tea Farm Creek towards the Highway 17 Bridge.

48. At the time, Luca Gruber was sitting on a bench seat operating the Vessel from the steering console on the Vessel's starboard side and Tallon Goff was sitting next to him on the port side.

49. Upon information and belief, Tallon Goff had never been in a boat under the Highway 17 Bridge, which has less than 4 feet of clearance from the water at certain tides.

50. Upon information and belief, Petitioner Luca Gruber had operated the Vessel under the Highway 17 Bridge many times and usually did so at speeds over 20 miles per hour, despite the extremely low clearance between the bridge and the water.

51. Upon information and belief, despite all of these circumstances, on July 3, 2025 at approximately 7:20 p.m., Petitioner Luca Gruber operated the Vessel at a speed of approximately 27 miles per hour under the Highway 17 Bridge with less than 4 feet of clearance without warning to Tallon Goff that he was going to do so.

52. As the Vessel passed under the bridge, the bridge struck Tallon Goff's head, causing him great physical harm.

53. Luca then took Tallon back to the dock at Two Oaks Farm and called 911. With the help of others and instructions from the 911 operator, they performed chest compressions on Tallon until emergency responders arrived on scene and ultimately pronounced Tallon as being deceased.

**FOR A FIRST CAUSE OF ACTION AND SECOND DEFENSE**
(WRONGFUL DEATH OF A NON-SEAMAN IN STATE TERRITORIAL WATERS; NEGLIGENCE, NEGLIGENCE PER SE, GROSS NEGLIGENCE, and RECKLESSNESS AS TO PETITIONER LUCA GRUBER)

54. Claimant incorporate by express reference the above responses and allegations as if set forth herein verbatim.

55. As the operator of the Vessel upon the navigable waters of the United States, Luca Gruber owed Tallon Goff a duty of reasonable care under the circumstances.

56. Petitioner breached his duty to Claimant and was negligent, was negligent *per se*, grossly negligent, or reckless in one or more of the following ways that directly and proximately caused injury and ultimately claimed the life of Tallon Goff and which caused injury to his parents, Robert Goff and Kathryn Goff:

    a. In operation of the Vessel in violation of the following U.S. Inland Navigation Rules authorized by 33 U.S.C. § 2071 and promulgated at 33 C.F.R. § 83.01, *et seq.* :

        i. Rule 2 – Responsibility to deviate in order to avoid collision;

        ii. Rule 5 - Responsibility to maintain a proper lookout so as to fully appraise the risk of collision;

        iii. Rule 6 – Responsibility to maintain a safe speed at all times to avoid collision;

      iv. Rule 7 – Responsibility to use all available means under the prevailing circumstances to determine if a risk of collision exists;

      v. Rule 8 – Responsibility to take action to avoid a collision in accordance with the Inland Navigation Rules;

b. In operation of the Vessel in violation of the South Carolina Boating Safety Act of 1999, S.C. Code Ann §§ 50-21-5, *et seq.*;

c. In operating the Vessel at a negligent, grossly negligent, and/or reckless speed under the circumstances then and there prevailing, causing passenger Tallon Goff to strike his head on the Highway 17 Bridge;

d. In failing to warn Tallon Goff of the potential danger of passing under the low-clearance bridge in light of the seating arrangement in the Vessel;

e. In failing to warn Tallon Goff of his intent to go under the low-clearance bridge on plane at a high rate of speed;

f. In failing to warn Tallon Goff of the difference in clearance between one bridge span and the other;

g. In failing to warn Tallon Goff to duck his head to avoid striking the bridge span;

h. In failing to ensure that Tallon Goff was seated in a safe location on the Vessel for the intended passing of the bridge spans;

i. In failing to slow the Vessel to "No Wake" speed prior to passing the bridge;

j. In operating the Vessel in a grossly negligent and/or reckless manner while under the influence of alcohol and/or marijuana;

k. In operating the Vessel in violation of state and federal laws and regulations which were intended to prevent harm to passengers such as Tallon Goff;

9

    l. In failing to make a full appraisal of the situation and risk of collision or allision;

    m. In failing to take reasonable steps or actions to avoid collision or allision;

    n. In failing to operate or control the Vessel in a reasonable manner;

    o. In failing to exercise reasonable care under the circumstances to prevent harm to Tallon Goff;

    p. In failing to take those precautions required under the circumstances by the ordinary practice of seamen;

    q. In violating state and/or federal statutes as may be shown at trial of this matter; and

    r. In such other and further particulars as may be proven at trial of this matter.

57. As a direct and proximate result of Petitioner Luca Gruber's aforementioned acts and omissions, Tallon Goff suffered serious injuries, extreme pain and suffering, and ultimately lost his life.

58. Claimant's decedent Tallon Goff was a member of the class of persons the above-referenced statutes and regulations were intended to protect.

59. As a foreseeable, direct, and proximate result of Luca Gruber's acts and omissions, including his statutory and regulatory violations which constitute negligence *per se*, Claimant's decedent Tallon Goff suffered an untimely death.

60. As a direct result of Luca Gruber's acts and omissions, Tallon Gruber suffered an untimely death, and his beneficiaries have endured grief, sorrow, shock, wounded feelings, mental and emotional anguish and anxiety, and loss of Tallon's support, love, and companionship.

61. As a result of the foregoing negligence, gross negligence, recklessness, carelessness, acts, errors, omissions, and want of due diligence and other improper activities of Luca Gruber, Claimant is entitled to an award under the General Maritime Law and/or under the South

Carolina Wrongful Death statute, S.C. Code Ann §§ 15-51-10, *et seq*. of actual damages, including special and consequential damages to be determined by the Court at trial of this matter, to prejudgment interest from the date of the Incident, the costs of this action, and punitive damages upon a showing of grossly negligent or reckless conduct.

**FOR A SECOND CAUSE OF ACTION AND THIRD DEFENSE**
(WRONGFUL DEATH OF NON-SEAMAN IN STATE TERRITORIAL WATERS; NEGLIGENCE AND NEGLIGENT ENTRUSTMENT as to PETITIONER KARL GRUBER)

62. Claimant incorporates by express reference the above responses and allegations as if set forth herein verbatim.

63. As owner, Karl Gruber owed Tallon Goff, a passenger lawfully aboard his Vessel, a duty of reasonable care under the circumstances. This duty included the responsibility to exercise due care in equipping and maintaining the Vessel and its appurtenances in a safe operating condition and to exercise due care in the entrustment of the Vessel to others.

64. Upon information and belief, Petitioner Karl Gruber played an integral role in his son Luca Gruber's training in the use and operation of vessels in the waters in and around Charleston South Carolina and in the use and operation of the Vessel in particular.

65. Upon information and belief, Petitioner Karl Gruber, by virtue of his training of Luca Gruber in the operation of the Vessel, or by virtue of his knowledge of his son Luca Grubers' proclivities for negligent or reckless operation of the Vessel, either knew or should have known that his son Luca Gruber's operation of the Vessel involved an unreasonable risk of physical harm to himself and others.

66. Upon information and belief, Petitioner Karl Gruber breached his duty to Tallon Goff and to Claimant in one or more of the following ways:

11

a. Having trained Luca Gruber and having actual or constructive knowledge of Luca Gruber's proclivities for negligent or reckless operation of the Vessel, in negligently entrusting the Vessel to Luca Gruber;

b. In failing to take reasonable steps to evaluate Luca Gruber's suitability as a reasonably safe operator of the Vessel;

c. In failing to provide reasonably sufficient training or supervision to Luca Gruber for the safe operation of the Vessel under the circumstances;

d. In failing to perform periodic due diligence and/or make reasonable inspection of the Vessel and its appurtenances to ascertain its suitability and seaworthiness for continued recreational use by Luca Gruber;

e. In failing to ensure that the Vessel's Garmin chart plotter was properly maintained and functional;

f. In failing to ensure that the Vessel was properly equipped with legally required safety appurtenances;

g. In failing to exercise the care that a reasonable vessel owner would exercise under similar circumstances; and

h. In such other and further particulars as may be proven at trial of this matter.

67. As a direct result of Karl Gruber's acts and omissions, Tallon Gruber suffered an untimely death, and his beneficiaries have endured grief, sorrow, shock, wounded feelings, mental and emotional anguish and anxiety, and loss of Tallon's support, love, and companionship.

68. As a result of the foregoing negligence, gross negligence, recklessness, carelessness, acts, errors, omissions, and want of due diligence and other improper activities of Karl Gruber, Claimant is entitled to an award under the General Maritime Law and/or under the South

Carolina Wrongful Death statute, S.C. Code Ann §§ 15-51-10, *et seq.* of actual damages, including special and consequential damages to be determined by the Court at trial of this matter, to prejudgment interest from the date of the Incident, the costs of this action.

### FOR A THIRD CAUSE OF ACTION AND FOURTH DEFENSE
(SURVIVAL ACTION OF NON-SEAMAN IN STATE TERRITORIAL WATERS as to PETITIONER KARL GRUBER AND LUCA GRUBER)

69. Claimant incorporates by express reference the above responses and allegations as if set forth herein verbatim.

70. Claimant, as a direct and proximate result of the negligence, gross negligence, and/or recklessness of the Petitioners, has incurred expenses in the form of medical bills and funeral and burial expenses.

71. Claimant is further informed and believes that as a direct and proximate result of the negligence, gross negligence, recklessness, carelessness, acts, errors, omissions, and want of due diligence and other improper activities of Petitioners, Tallon Goff suffered conscious, pre-death physical pain, physical suffering, and mental and emotional distress and anguish in the time before passing, for which Claimant is entitled to an award of actual and punitive damages pursuant to the General Maritime Law and/or S.C. Code Ann §§ 15-5-90, *et seq*. in an amount be determined at the trial of this action.

WHEREFORE, having answered the Complaint and set forth his Claim herein, Claimant prays that Petitioner's Complaint be dismissed with prejudice, that the Court conduct a bench trial as to all factual matters set forth in Claimant's Claim, that judgment be entered in favor of Claimant and jointly and severally against Petitioners, awarding all actual, special, consequential, and punitive damages as may be proven at trial, plus costs and pre-judgment interest, and for such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED BY:

**YARBOROUGH APPLEGATE LLC**

Douglas E. Jennings (SC Bar #100137)
Federal Court ID No. 11348
Liam D. Duffy (SC Bar #102234)
Federal Court ID No. 12249
291 East Bay Street, Second Floor
Charleston, South Carolina 29401
843-972-0150 office
843-277-6691 fax
douglas@yarboroughapplegate.com
liam@yarboroughapplegate.com

**-and-**

**COOPER & BILBREY, P.C.**

By: s/ John Townsend Cooper
JOHN TOWNSEND COOPER, ESQUIRE
  Federal Court ID 10172
  South Carolina Bar 76087
  jtc@jhcooper.com
ALBERT G. BILBREY, JR, ESQUIRE
  Federal Court ID 12938
  South Carolina Bar 103799
  aj@jhcooper.com
PO BOX 22513
Charleston, SC 29413
O 843-883-9099; F 843-883-9335
*Attorneys for Claimant*
*Robert I. Goff, III as PR of the Estate of Tallon Goff*

November 24, 2025
Charleston, South Carolina