IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
AT ADMIRALTY

| | |
|---|---|
| In the Matter of the Complaint of )<br>Karl and Luca Gruber, as Owners )<br>of a 1988 15' Boston Whaler )<br>Vessel (HIN # BWC3015HE888) )<br>For Exoneration from or Limitation )<br>of Liability )<br>_____) | CIVIL ACTION NO. 2:25-cv-12383-RMG |

REPLY TO CLAIM AGAINST PETITIONERS FOR LIMITATION OF
ROBERT GOFF AS THE PERSONAL REPRESENTATIVE OF
THE ESTATE OF TALLON GOFF

To the extent to which a Reply is necessary to the Claim of Robert Goff as the Personal Representative of the Estate of Tallon Goff, the Petitioners, Karl and Luca Gruber, would allege and say as follows:

1. Any and all allegations of the Claim not specifically admitted herein are denied.

2. Answering the allegations incorporated in Paragraph 27 of the Claim, the Petitioners would reallege and reassert the allegations contained in their Complaint (Petition) For Exoneration From Or Limitation Of Liability filed on September 9, 2025 [ECF No. 1] as if fully set forth herein verbatim. The Petitioners would also specifically deny that they had privity or knowledge of the action or conditions leading to the incident on July 3, 2025; that the vessel was in a deficient condition known to them; and that they were negligent, grossly negligent or reckless.

3. Answering the allegations contained in Paragraph 28 of the Claim, the Petitioners would admit that this is a maritime injury and death claim arising out of the tragic death of 22- year-old Tallon Goff ("Tallon") on July 3 , 2025 while a passenger

aboard a 1988 15' Boston Whaler (the "Vessel") owned by Petitioner Karl Gruber and operated by Petitioner Luca Gruber under the Highway 17 bridge over Tea Farm Creek (the "Bridge") in the navigable waters of Charleston County, South Carolina. The remaining allegations contained in Paragraph 28 of the Claim, including any allegations inconsistent with the above, are denied.

4. The allegations contained in Paragraph 29 of the Claim are admitted.

5. Answering the allegations contained in Paragraph 30 of the Claim, the Petitioners would admit that the Claimants make allegations of negligence, gross negligence and recklessness in support of their claims but specifically deny these allegations.

6. The allegations contained in Paragraphs 31 and 32 of the Claim constitute legal conclusions which the Petitioners are not required to admit or deny. The Petitioners do not contest the jurisdiction of this Court or the application of general maritime law.

7. The allegations contained in Paragraphs 33, 34, 35 and 36 of the Claim are admitted.

8. Answering the allegations incorporated in Paragraph 37 of the Claim, the Petitioners would reallege and reassert its answers in paragraphs 1-7 above as if fully set forth herein verbatim.

9. The allegations contained in Paragraphs 38 and 39 of the Claim are admitted.

10. Answering the allegations contained in Paragraph 40 of the Claim, the Petitioners would admit that the Vessel was being kept for most of the summer of 2025 on its trailer and was occasionally docked at Karl Gruber's property, Twin Oaks Farm, on Tea Farm Creek near Ravenel, South Carolina. The remaining allegations contained

in Paragraph 40 of the Claim, including any allegations inconsistent with the above, are denied.

11. The allegations contained in Paragraph 41 of the Claim are admitted.

12. Answering the allegations contained in Paragraph 42 of the Claim, the Petitioners would admit that earlier on July 3, Luca Gruber, Tallon Goff and other friends went fishing on a friend's boat for over an hour and that Luca Gruber consumed between two and three light beers during day preceding the subject incident. The remaining allegations contained in Paragraph 42 of the Claim, including any allegations inconsistent with the above, are denied.

13. Answering the allegations contained in Paragraph 43 of the Claim, the Petitioners would admit that, after they returned from the fishing trip, Luca agreed to take Tallon on a boat ride on the Vessel. The remaining allegations contained in Paragraph 43 of the Claim, including any allegations inconsistent with the above, are denied.

14. Answering the allegations contained in Paragraph 44 of the Claim, the Petitioners would admit that the Vessel was equipped with various items of navigation and safety equipment; and that, at one point, an optional Garmin chart plotter had been installed but had been broken for several months prior the incident. The remaining allegations contained in Paragraph 44 of the Claim, including any allegations inconsistent with the above, are denied.

15. Answering the allegations contained in Paragraph 45 of the Claim, the Petitioners would admit that the Vessel departed the dock without a fire extinguisher. The remaining allegations contained in Paragraph 45 of the Claim constitute legal conclusions which the Petitioners are not required to admit or deny. To the extent to

      which a response is necessary, the remaining allegations contained in Paragraph 45 of the Claim, including any allegations inconsistent with the above, are denied.

16. Answering the allegations contained in Paragraph 46 of the Claim, the Petitioners would admit that, after departing the dock at Twin Oaks Farm, Luca and Tallon went waterskiing until their tow rope parted. The remaining allegations contained in Paragraph 46 of the Claim constitute legal conclusions which the Petitioners are not required to admit or deny. To the extent to which a response is necessary, the remaining allegations contained in Paragraph 46 of the Claim, including any allegations inconsistent with the above, are denied.

17. Answering the allegations contained in Paragraph 47 of the Claim, the Petitioners would admit that the Luca and Tallon decided to take a ride in the Vessel and proceeded up Wallace Creek and then back through Tea Farm Creek towards the Highway 17 Bridge. The remaining allegations contained in Paragraph 47 of the Claim, including any allegations inconsistent with the above, are denied.

18. The allegations contained in Paragraph 48 of the Claim are admitted.

19. Answering the allegations contained in Paragraph 49 of the Claim, the Petitioners would admit, upon information and belief, that Tallon Goff had not previously been under the Highway 17 Bridge and that, under certain hydrological conditions not existing at the time of the incident, there can be less than four feet of clearance under said bridge. The remaining allegations contained in Paragraph 49 of the Claim, including any allegations inconsistent with the above, are denied.

20. Answering the allegations contained in Paragraph 50 of the Claim, the Petitioners would admit that Luca Gruber had operated the Vessel at planing speed under the

Highway 17 Bridge many times.  The remaining allegations contained in Paragraph 50 of the Claim, including any allegations inconsistent with the above, are denied.

21. Answering the allegations contained in Paragraph 51 of the Claim, the Petitioners would admit that, on July 3, 2025 at approximately 7:20 pm, Luca Gruber operated the Vessel under the Highway 17 Bridge.  The remaining allegations contained in Paragraph 51 of the Claim, including any allegations inconsistent with the above, are denied.

22. Answering the allegations contained in Paragraph 52 of the Claim, the Petitioners would admit that, in the vicinity of the Highway 17 Bridge, the back of Tallon Goff's head was impacted by something—potentially the overhead bridge structure.  The remaining allegations contained in Paragraph 52 of the Claim, including any allegations inconsistent with the above, are denied.

23. The allegations contained in Paragraph 53 of the Claim are admitted.

24. Answering the allegations incorporated in Paragraph 54 of the Claim, the Petitioners would reallege and reassert its answers in paragraphs 1-23 above as if fully set forth herein verbatim.

25. The allegations contained in Paragraph 55 of the Claim constitute legal conclusions which the Petitioners are not required to admit or deny.

26. The allegations contained in Paragraphs 56 and 57 of the Claim are denied.

27. The allegations contained in Paragraph 58 of the Claim constitute legal conclusions which the Petitioners are not required to admit or deny.

28. The allegations contained in Paragraphs 59, 60 and 61 of the Claim are denied.

29. Answering the allegations incorporated in Paragraph 62 of the Claim, the Petitioners would reallege and reassert its answers in paragraphs 1-28 above as if fully set forth herein verbatim.

30. The allegations contained in Paragraph 63 of the Claim constitute legal conclusions which the Petitioners are not required to admit or deny.

31. Answering the allegations contained in Paragraph 64 of the Claim, the Petitioners would admit that Karl Gruber, together with several other experienced boaters, instructors and coaches, helped to train Luca Gruber in the use and operation of vessels in the waters in and around Charleston, South Carolina and in the use and operation of the Vessel in particular. The remaining allegations contained in Paragraph 64 of the Claim, including any allegations inconsistent with the above, are denied.

32. The allegations contained in Paragraphs 65, 66, 67 and 68 of the Claim are denied.

33. Answering the allegations incorporated in Paragraph 69 of the Claim, the Petitioners would reallege and reassert its answers in paragraphs 1-32 above as if fully set forth herein verbatim.

34. The allegations contained in Paragraphs 70 and 71, those being the remaining allegations of the Claim, are denied.

### FURTHER ANSWERING THE CLAIM AGAINST THE PETITIONERS FOR LIMITATION, AND AS AN AFFIRMATIVE DEFENSE THERETO, THE PETITIONERS WOULD ALLEGE AND SAY AS FOLLOWS:

35. The Claimant's damages, if any, were due to, caused by and proximately resulted from the sole negligence, carelessness, recklessness, gross negligence, willfulness and wantonness of other persons or entities either named or not named herein.

<u>FURTHER ANSWERING THE CLAIM AGAINST THE PETITIONERS
FOR LIMITATION, AND AS AN AFFIRMATIVE DEFENSE
THERETO, THE PETITIONERS WOULD
ALLEGE AND SAY AS FOLLOWS:</u>

36. The Claimant's damages, if any, were due to, caused by and proximately resulted from the sole negligence, carelessness, recklessness, gross negligence, willfulness and wantonness of the Claimant's decedent.

<u>FURTHER ANSWERING THE CLAIM AGAINST THE PETITIONERS
FOR LIMITATION, AND AS AN AFFIRMATIVE DEFENSE
THERETO, THE PETITIONERS WOULD
ALLEGE AND SAY AS FOLLOWS:</u>

37. The Petitioners have denied any liability herein for any act, matter or thing, damage or injury done, occasioned or incurred in the incident giving rise to Claim, and claims the benefit of the limitation of liability provided in the Revised Statutes of the United States and the various statutes amendatory thereto and, more particularly, the United States Limitation of Shipowners Liability Act, 46 U.S.C. §§ 30501-30512 all as more fully set forth in his Complaint (Petition) For Exoneration From Or Limitation Of Liability filed on March 12, 2024 [ECF No. 1].

WHEREFORE, Petitioners pray:

1. That the Claim against the Petitioners for Limitation be dismissed;

2. That the relief requested in Petitioners' Complaint (Petition) For Exoneration From Or Limitation Of Liability be granted; and

3. That this Court order such other and further relief as the disposition of this cause may require.

                                      WOMBLE BOND DICKINSON (US), LLP

                                      By: <u>S/David M. Collins</u>
                                            David M. Collins, Fed. ID No. 223
                                            5 Exchange Street
                                            P.O. Box 999
                                            Charleston, SC  29401
                                            Phone:  (843) 722-3400
Dated: December 12, 2025              Fax:  (843) 723-7398
                                            Email:  David.collins@wbd-us.com

Charleston, SC

                                        Attorneys for Petitioners