IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
AT ADMIRALTY

| | |
|---|---|
| In the Matter of the Complaint of ) | CIVIL ACTION NO. 2:25-cv-12383-RMG |
| Karl and Luca Gruber, as Owners ) | |
| of a 1988 15' Boston Whaler ) | |
| Vessel (HIN # BWC3015HE888) ) | |
| For Exoneration from or Limitation ) | |
| of Liability ) | |
| _____ ) | |

PLAINTIFFS/PETITONERS' ANSWERS TO LOCAL RULE 26.03 INTERROGATORIES

Pursuant to Local Rule 26.03, the Plaintiffs/Petitioners Karl and Luca Gruber, as the owner and owner *pro hac vice* of a 1988 15' Boston Whaler Vessel (HIN # BWC3015HE888) (the "Vessel"), would offer the following information for consideration by the Court. The Plaintiffs/Petitioners are presently pursuing discovery and the investigation of the facts and law relating to this case. These disclosures are based on information and documents that are known or believed at this time to be true by the Plaintiffs/Petitioners at the time these disclosures are being made. The disclosures are being made before any discovery in this has action has been completed and before disclosures from any other party have been served and reviewed. Therefore, these disclosures are being served without prejudice to the Plaintiffs/Petitioners' right to amend, change, modify, supplement or otherwise alter the disclosures in a manner consistent with Rule 26 (e). They also are being made subject to the understanding that the Plaintiffs/Petitioners expressly reserve the right to use any documents or information disclosed or provided by any other party or person to the Plaintiffs/Petitioners, through mandatory disclosure or discovery, for any purpose to the fullest extent permitted by the Federal Rules of Civil Procedure and Evidence.

1. A short statement of the facts of the case.

The Plaintiffs/Petitioners Karl and Luca Gruber were the owner and owner *pro hac vice* of the Vessel. On July 3, 2025, Luca Gruber was operating the Vessel on the Wallace River and Tea Farm Creek, South Carolina and was accompanied by his friend, Tallon Goff. As they were approaching the Highway 17 Bridge over the Wallace River, Tallon Goff was seated on a bench seat near midships of the Vessel next to and to the port side of Luca Gruber who was seated behind the helm. In the immediate vicinity of this bridge, Tallon Goff changed his position without notice to Luca Gruber so that he was aft. While in this position, Tallon Goff was struck in the back of his head which resulted in his loss of consciousness.

As Tallon Goff was unresponsive, Luca Gruber immediately returned to his dock where he was able to call 911 for emergency assistance. While waiting for the arrival of the first responders, Luca Gruber, with the assistance of the 911 operator and two friends, administered CPR to Tallon Goff without success. After the arrival of the first responders, Tallon Goff was confirmed to be deceased at the scene.

As a result of the aforesaid incident, it is anticipated that claims by the estate of the decedent and by his surviving parents will be made against the Plaintiffs/Petitioners alleging losses and damages.

2. The names of fact witnesses whose testimony likely to be called by the party and a brief summary of their expected testimony.

   a. Karl Gruber will testify as to the ownership, possession and maintenance of the Vessel.

   b. Luca Gruber will testify as to the condition, maintenance and equipage of the Vessel and as to the events leading up to the incident.

3. The names and subject matter of expert witness (if no witnesses have been identified, the subject matter and field of expertise should be given as experts likely to be offered).

The Plaintiffs/Petitioners have not yet retained an expert witness. It may be necessary to offer expert testimony regarding small boat operation and accident reconstruction.

4. A summary of the claims or defenses with statutory and/or case citations supporting the same.

a. CLAIM

The Plaintiffs/Petitioners claim for relief is based upon the Limitation of Liability Act, 46 U.S.C. §§ 30501-30512, and upon the general maritime and statutory law of the United States. *See, e.g., Providence & New York Steamship Company v. Hill Manufacturing Company*, 109 U.S. 578 (1883); *Hellenic Lines, Ltd. v. Prudential Lines, Inc.*, 813 F.2d 634 (4th Cir. 1987); *Empresa Lineas Maritimas Argentinas S.A. v. United States*, 730 F.2d 153 (4th Cir. 1984); *Richards v. Blake Builders Supply Inc.*, 528 F.2d 745 (4 Cir. 1975); *The Quarrington Court*, 102 F.2d 916 (2d Cir.), *cert. denied*, 307 U.S. 645 (1939); *In re Bay Runner Rentals, Inc.*, 113 F. Supp. 2d 795 (D.Md. 2000).

5. Proposed dates for expert disclosures and completion of discovery:

A proposed Amended Scheduling Order has been submitted by the parties.

6. Any special circumstances affecting the time frames applied in preparing the scheduling order:

The Plaintiff/Petitioner Luca Gruber currently faces criminal charges relating the underlying event and the proposed deadlines allows some time for the potential pre-trial resolution of these proceedings.

7. Any additional information requested in the Pre-Scheduling Order.

N/A.

                                        WOMBLE BOND DICKINSON (US), LLP

                                   By: S/David M. Collins
                                       David M. Collins, Fed. ID No. 223
                                       5 Exchange Street
                                       P.O. Box 999
                                       Charleston, SC  29401
                                       Phone:  (843) 722-3400

Dated: January 20, 2026              Fax:  (843) 723-7398
                                       Email:  David.collins@wbd-us.com

Charleston, SC                              Attorneys for Plaintiffs/Petitioners