UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| IN THE MATTER OF the Complaint of Karl And Luca Gruber, as Owners of a 1988 15' Boston Whaler Vessel (HIN BWC3015HE888) | ) ) ) ) ) ) ) ) |
| For Exoneration from or Limitation of Liability | |

CIVIL ACTION NO: 2:25-cv-12383-RMG

<u>CLAIMANT ROBERT GOFF AS PERSONAL REPRESENTATIVE OF THE ESTATE OF TALLON GOFF'S ANSWERS TO LOCAL CIVIL RULE 26.03 INTERROGATORIES</u>

COMES NOW Claimant Robert Goff, as Personal Representative of the Estate of Tallon Goff, in the above captioned action and, answering the Local Civil Rule 26.03 Interrogatories, shows this Honorable Court as follows:

(1)     A short statement of facts of the case.

**Claimant Robert Goff is the father of Tallon Goff and the Personal Representative of his son's estate. Claimant brings this claim on behalf of his son's estate claiming wrongful death and survival damages as a result of his son's death on July 3, 2025 while a passenger aboard a 1998, 15-foot Boston Whaler owned by Petitioner Karl Gruber and operated by Petitioner Luca Gruber. Tallon, Luca, and several other friends gathered at Twin Oaks Farm, Petitioner Karl Gruber's property near Ravenel, South Carolina on July 3, 2025. That afternoon, Tallon and Luca departed the dock at Twin Oaks Farm to go for a boat ride and water ski. Tallon Goff was seated on a bench seat next to the vessel's console when Luca Gruber negligently ran the boat down Tea Farm Creek and under the low-clearance Highway 17 bridge at over 20 miles per hour without warning to Tallon Goff, causing Tallon's head to strike the bridge structure and ultimately leading to his death.**

(2)     The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**RESPONSE: The following fact witnesses may offer testimony in this action:**

**Robert Goff and Kathryn Goff are expected to testify regarding their relationship with Tallon Goff and regarding their knowledge of Claimant's damages. Luca Gruber is expected to testify regarding his operation of the vessel on the day of the incident and**

regarding the circumstances surrounding Tallon's injury aboard the vessel. Petitioner Karl Gruber is expected to testify regarding his ownership and control of the 15-foot Boston Whaler operated by his son Luca Gruber and to his knowledge of Luca Gruber's training, experience, and methods of operation of the Vessel. One or more of Tallon Goff and/or Luca Gruber's friends who were present at Two Oaks Farm on the day of the incident are expected to testify regarding their knowledge of the pertinent facts surrounding the incident. One or more officers with the South Carolina Department of Natural Resources may testify regarding their knowledge based upon their investigation of the incident and the scene upon arrival.

(3)    The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**RESPONSE: No expert witnesses have been identified at this time. Claimant anticipates offering one or more liability experts to testify as to vessel safety, vessel operations, and accident reconstruction and will offer rebuttal experts in any additional fields that Petitioner may name. Claimant may also offer medical experts to testify regarding Tallon Goff's injury and damages and the injuries and damages suffered by Robert and Kathryn Goff as a result of their son's untimely death.**

(4)    A summary of the claims or defenses with statutory and/or case citations supporting the same.

**RESPONSE:**

**Negligence/Gross Negligence:**

**Claimant asserts maritime tort claims for negligence and gross negligence against Petitioners Karl Gruber and Luca Gruber under the General Maritime Law of the United States. *Leathers v. Blessing* 105 U.S. (15 Otto) 626, 26 L.Ed. 1192 (1882) (expressly recognizing a general maritime law tort of negligence). "The elements of a maritime negligence cause of action are essentially the same as land-based negligence under the common law, free of 'inappropriate common law concepts.'" *Evergreen International, S.A., v. Norfold Dredging Co.*, 531 F.3d 302, 308 (4th Cir. 2008) (quoting Thomas J. Schoenbaum, Admiralty & Maritime Law § 5-2 (4th ed. 2004); *additional citations omitted*).**

**Petitioners owed Tallon Goff a duty of reasonable care and breached their duty by violating applicable safety statutes and regulations and by otherwise acting unreasonably under the circumstances. "It is a settled principle of maritime law that a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew." *Kermarec v. Compangnie Generale Transatlantique*, 358 U.S. 625, 630, 79 S. Ct. 406, 409 (1959). "When a duty exists, the law of negligence requires that one act reasonably in light of what is foreseeable." *Pressly v. Kaberna*, Civil Action No. 2:10-cv-2204-CWH, 2012 U.S. Dist. LEXIS 199787, at *24 (D.S.C. Oct. 11, 2012). "The duty of ordinary care includes,**

of course, a duty to warn of harm that is reasonably foreseeable under the circumstances." *Bubla v. Bradshaw*, 795 F.2d 349, 353 (4th Cir. 1986).

### Wrongful Death and Survival

This is a maritime wrongful death and survival claim arising out of the death of a non-seaman within the territorial waters of the State of South Carolina, and Tallon Goff's beneficiaries are South Carolina domicilliaries. Federal choice of law rules dictate that South Carolina law governs Claimant's damages for wrongful death and survival in this circumstance. *Hurd v. United States of America*, 134 F.Supp. 2d 745, 769 (D.S.C. 2001) (citing *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 206, 216, 133 L. Ed. 2d 578, 116 S. Ct. 619 (1996).

South Carolina's Wrongful Death statute, S.C. Code §§ 15-51-10, et seq., allows recovery of "all damages, present and prospective, which are naturally the proximate consequence of the wrongful act, including: (1) pecuniary loss, (2) mental shock and suffering, (3) wounded feelings, (4) grief and sorrow, (5) loss of companionship, and (6) deprivation of the use and comfort of the intestate's society, including the loss of his experience, knowledge, and judgment in managing the affairs of himself and of his beneficiaries." *Smith v. Wells*, 258 S.C. 316, 319, 188 S.E.2d 470, 471 (1972)(citing *Mishoe v. Atlantic Coast Line R. Co.*, 186 S.C. 402, 197 S.E. 97 (1938)). Punitive damages are also awardable. S.C. Code § 15-51-40.

South Carolina's Survival statute, S.C. Code §§ 15-5-90, et seq., allows recovery for conscious, pre-death physical pain, physical suffering, and mental and emotional distress and anguish in the time before passing to be determined by the trier of fact.

### Pre-Judgment Interest

"When allowed, prejudgment interest is considered an element of damages in admiralty, part of full and fair compensation to the injured party." *Ameejee Valleejee & Sons v. M/V Victoria U.*, 661 F.2d 310, 313 (4th Cir. 1981)

### In Defense of Petitioners' Claim for Limitation

Claimant's defense to Petitioners' claim for limitation of liability arises out of Petitioners' privity and knowledge with regard to the negligent acts and omissions causing injury to and ultimately the death of Tallon Goff. *See Empresa Lineas Maritimas Argentinas, S.A. v. U.S.*, 730 F.2d 153, 155, 1984 A.M.C. 1698 (4th Cir. 1984)("To preclude limitation under § 183(a), the shipowner's knowledge need not be actual. The shipowner is chargeable with knowledge of acts or events or conditions of unseaworthiness that could have been discovered through reasonable diligence.") Further, ". . .[I]t is well settled that one seeking limitation has the burden of proving lack of privity or knowledge". *The Severance*, 152 F.2d 916, 922 (4th Cir. 1945).

  (5) Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:
   (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures

      (b)    Completion of Discovery.

**RESPONSE: The Parties jointly propose amendments to the deadlines set forth in the Conference and Scheduling Order dated December 15, 2025, and as set forth in the proposed Consent Amended Scheduling Order and Discovery Plan submitted herewith, as follows:**

**(a) Expert Witnesses: The party designations of Plaintiff and Defendant are better referred to as Claimant and Petitioner in this matter and the order of disclosure requiring Claimant to disclose experts first may better facilitate discovery in the case. To that end, Claimant suggests the following expert disclosure deadlines.**

**Claimant: July 13, 2026**

**Petitioners: August 17, 2026**

**(b) Discovery: December 14, 2026**

    (6)    The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order. *See generally* Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).

**RESPONSE: The Joint Discovery Plan and proposed Consent Amended Scheduling Order reflect the Parties' desire to conduct written discovery, followed by depositions of fact witnesses, before discussing the possibility of settlement or an early mediation.**

    (7)    Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.

**RESPONSE:  None at this time.**

*(Signatures on Following Page)*

**RESPECTFULLY SUBMITTED BY:**

**YARBOROUGH APPLEGATE LLC**

Douglas E. Jennings (SC Bar #100137)
Federal Court ID No. 11348
Liam D. Duffy (SC Bar #102234)
Federal Court ID No. 12249
291 East Bay Street, Second Floor
Charleston, South Carolina 29401
843-972-0150 office
843-277-6691 fax
douglas@yarboroughapplegate.com
liam@yarboroughapplegate.com

*-and-*

**COOPER & BILBREY, P.C**.

      By: s/John Townsend Cooper
JOHN TOWNSEND COOPER, ESQUIRE
    Federal Court ID 10172
    South Carolina Bar 76087
    jtc@jhcooper.com
ALBERT G. BILBREY, JR., ESQUIRE
    Federal Court ID 12938
    South Carolina Bar 103799
    aj@jhcooper.com
PO BOX 22513
Charleston, SC 29413
O 843-883-9099; F 843-883-9335
*Attorneys for Claimant,*
*Robert Goff, as Personal Representative of the Estate of Tallon Goff*

January 20, 2026
Charleston, South Carolina